IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00492-DSC

| | |
|---|---|
| ALLEN THOMAS RESPERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM AND ORDER OF** |
| | ) **REMAND** |
| | ) |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1] | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #11) and Defendant's "Motion for Summary Judgment" (document #14), as well as the parties' briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and these Motions are ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is not supported by substantial evidence. Accordingly, the Court will grant Plaintiff's Motion for Summary Judgment; deny Defendant's Motion for Summary Judgment; reverse the Commissioner's

---

[1] Kilolo Kijakazi is Acting Commissioner of Social Security and substituted as Defendant herein. No further action is required pursuant to Fed.R.Civ.P 25(d) and Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

decision; and remand this matter for further proceedings consistent with this Memorandum and Order.

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on September 9, 2020. He assigns error to the Administrative Law Judge's evaluation of a favorable decision by the Department of Veteran's Affairs ("VA") on his Application for disability benefits. (Tr. 19-20). See Plaintiff's "Memorandum ..." at 4, 14-15 (document #12).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled at any time.[2]

The VA found Plaintiff disabled effective July 27, 2018, due to the combined effects of his service related impairments. (Tr. 301-394). The ALJ summarily disregarded the VA opinion, stating that "a disability rating by the [VA] is of little probative value to this proceeding." (Tr. 20). Defendant relies on the amendment to Social Security Ruling 06-03p which authorizes an ALJ to disregard a VA decision.

In January 2017, the Social Security Administration rescinded Social Security Ruling 06-03p which required that "evidence of a disability decision by another governmental agency or

---

[2]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

nongovernmental agency cannot be ignored and must be considered." The Ruling was rescinded effective March 27, 2017. 82 Fed. Reg. 5844; 80 Fed. Reg. 15132 (March 27, 2017). The replacement Ruling states that for disability claims filed after March 27, 2017, the Social Security Administration "will not provide any analysis in its determination or decision about a decision made by any other governmental agency about whether you are disabled, employable, or entitled to any benefits." 20 C.F.R. § 404.1504. The new Ruling also states that the Social Security Administration will still "consider all of the supporting evidence underlying the other governmental agency's decision." Id.

In DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983), the Fourth Circuit held that an ALJ must consider the disability determination of another governmental agency. An ALJ's decision that ignored such a determination fails to provide the requisite findings to allow for judicial review. In Bird v. Commissioner, 699 F.3d 337 (4th Cir. 2012) the court held that the Social Security Administration must give substantial weight to a VA service related disability determination. The Bird court explained that "[b]ecause the purpose and evaluation methodology of both programs are closely related, a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." Id. at 343. In Woods v. Commissioner, 888 F.3d 686, 692-93 (4th Cir. April 26, 2018), the Fourth Circuit specified that the ALJ must give "persuasive, specific, and valid reasons" in order to afford less than substantial weight to another governmental agency's disability determination. Id. at 692 (citing McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing standard for VA decisions); Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001) (per curiam) (explaining ALJs need not give great weight to VA disability determinations "if they adequately explain the valid reasons for not doing so"). The issue

here is whether Bird, Woods, and DeLoatche remain in force following the Administration's rescinding of Social Security Ruling 06-03.

In Rose v. Saul, No. 7:19-CV-91, 2020 WL 4740479 (E.D.N.C. Aug. 14, 2020), the court considered this issue and applied the Fourth Circuit precedents. The court stated:

> Going back decades, the Fourth Circuit has emphasized that ALJs must give weight to certain medical opinions and disability determinations. See Vitek v. Finch, 438 F.2d 1157, 1160 (4th Cir. 1971). In DeLoatche v. Heckler, the court held that an ALJ must consider as evidence the disability determination of a state agency, and that an ALJ decision which ignored such a determination failed to provide the requisite findings and explanations to enable judicial review. 715 F.2d 148, 150 (4th Cir. 1983). More recently, in Bird v. Commissioner, the court held that VA ratings must be afforded 'substantial weight' unless the ALJ can clearly explain why less weight is appropriate. 699 F.3d 337, 343 (4th Cir. 2012). The ALJ in this case did not mention – much less discuss – Mr. Rose's 100% VA disability rating. Citing the new Social Security regulations, the ALJ wrote that she would 'not discuss or analyze another agency's or provider's prior opinions about whether the claimant is disabled, employable, or entitled to any benefits.'
>
> In the ALJ's view, the new regulations superseded the Fourth Circuit's decision in Bird. This was error. The new rules did not supersede the Fourth Circuit's decision in Bird, and the ALJ committed reversible error by failing to afford substantial weight to Mr. Rose's 100% VA rating. The ALJ's assumption that the new Social Security Administration regulations supplanted Fourth Circuit case law rests on a fundamental misunderstanding of Bird and the cases that preceded it. Bird did not interpret a prior regulation, alterable by Social Security. Rather, Bird followed a line of cases expounding on what is required from the ALJ to enable the Court to conduct its review…The Court's reading of Bird is buttressed by Woods v. Berryhill, where the Fourth Circuit explained that, in order to afford less than substantial weight to another governmental agency's disability determination, the ALJ must give 'persuasive, specific, valid reasons.' 888 F.3d 686, 692 (4th Cir. 2018). Without such an explanation, according to Woods, a court 'cannot engage in a meaningful review.' Moreover, Woods rejected the Commissioner's argument that the ALJ can escape discussing the [VA's] disability decision by merely considering the evidence underlying that decision.

Rose, 2020 WL 4740479 at *2-3. Chief Judge Boyle concluded "[t]wo government agencies performing similar assessments reached polar opposite conclusions, leaving a glaring hole in the record and preventing judicial review. Bird remedies this problem, and SSA's new regulations did not overrule Bird. By failing to address [claimant's] VA disability rating, the ALJ

erred." Id. at *4. This Court finds that analysis to be persuasive. Wright v. Saul, No. 3:20-cv-00201-DSC, 2021 WL 1124784, at *3 (W.D.N.C. Mar. 24, 2021).

Applying those legal principles to the record here, the Court concludes that this matter must be remanded for a new hearing. The ALJ failed to provide persuasive, specific and valid reasons for discounting the VA decision.

By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's Application for disability benefits. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299, 113 S. Ct. 2625, 2630-31, 125 L.Ed. 2d 239 (1993) (quoting Sullivan v. Hudson, 490 U.S. 877, 892, 109 S.Ct. 2248, 2258, 104 L.Ed.2d 941 (1989)).

## IV. ORDER

**NOW THEREFORE IT IS ORDERED:**

1.  Plaintiff's "Motion for Summary Judgment" (document #11) is **GRANTED**; Defendant's "Motion for Summary Judgment" (document #14) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[3]

2.  The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

---

[3] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).

**SO ORDERED.**  Signed: September 16, 2021

David S. Cayer
United States Magistrate Judge